IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID HILL | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-230 |
| FNU YOUNG, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, David Hill, a pretrial detainee confined at the Orange County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants FNU Young, FNU Cargill and FNU Rashall, all with the Orange County Jail.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed this complaint on June 14, 2023 (doc. #1). On July 6, 2023, the undersigned ordered the Clerk of Court to issue process and the United States Marshal's Office to serve process upon the defendants (doc. #6). The summonses were issued the same day. *Id.* On July 17, 2023, the summons for Defendant FNU Young was returned unexecuted, with the notation "unable to locate, subject no longer employed" (doc. #9).[1] On July 18, 2023, the undersigned then ordered Plaintiff to provide the court with a new address for Defendant FNU Young for service of process, within thirty days of entry of the order (doc. #10). Plaintiff was admonished in the order that failure to respond to the order may result in dismissal of his claims against Defendant FNU Young for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Plaintiff acknowledged receipt

---

[1] The summonses were returned executed as to Defendants FNU Cargill on July 14, 2023 (doc. #8) and Defendant Rashall on July 19, 2023 (doc. #11). Defendants Cargill and Rashall filed a Motion to Dismiss on August 23, 2023 (doc. #13).

of the order on August 4, 2023 (doc. #12). More than ample time has passed, yet the court has received no response or further communication from Plaintiff.

## Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). Plaintiff has failed to respond to this court's order and has failed to diligently prosecute his case as it relates to his claims against Defendant FNU Young.

## Recommendation

Plaintiff's claims against Defendant FNU Young should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 24th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE